IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAFAEL PION CORDERO<br>Plaintiff<br><br>vs<br><br>DISC MAKERS and SEKO WORLWIDE<br>Defendants | CIVIL 05-1611CCC |

O R D E R

This is a diversity action for breach of contract filed by plaintiff Rafael Pion-Cordero (Pion) against defendants Disc Makers (Disc) and Seko Worldwide (Seko). According to the allegations of the amended complaint (docket entry 28), Disc is a CD and DVD manufacturer from which Pion ordered thousands of DVD's to be delivered in early December 2004 but which were not delivered on time, while Seko is a global freight transportation and logistics provider with which Pion arranged the delivery of the merchandise within 48 hours after its arrival in Puerto Rico but which actually delivered it much later. Plaintiff seeks damages for his economic losses, loss of commercial contacts and professional prestige and emotional injuries.

Defendants Disc and Seko have both moved for dismissal of the amended complaint under Fed.R.Civ.P. 12(b)(6). Seko avers in its motion (docket entry 29) that the amended complaint fails to allege that a contract exists between it and plaintiff, claiming that there is only one allegation against it, which it terms as conclusory, and where it is averred that it "was supposed to deliver the merchandise in less than 48 hours after it arrived, [but] delivered the merchandise to Plaintiff on December 28, 2004, after Christmas, constituting [a] . . . breach of contract seriously affecting Plaintiff." Amended complaint, at ¶12. Seko contends that by omitting from that allegation that a contract existed between them, plaintiff has failed to establish the contractual obligation which would give rise to a cognizable claim for breach of contract against it. Seko also posits that there is no connection between the damages claimed in the amended complaint and the purported late delivery attributed to it since according to the

CIVIL 05-1611CCC                                        2

complaint's allegations by the time it received the merchandise for delivery plaintiff had already endured all the damages averred.

Disc's dismissal motion (docket entry 33) attributes error to plaintiff for failing to attach to his amended complaint the quotation from Disc on which he bases his breach of contract claim, and also, surprisingly, attempts to supplement some of the facts alleged in the complaint. In addition, Disc posits that the laws of New Jersey are the ones that apply to this case, and avers that under them some of plaintiff's claim for damages are not cognizable and must be dismissed.

Plaintiff opposed both motions (docket entries 36 & 39), essentially arguing that he has alleged enough facts to withstand dismissal at this early stage of the litigation. Seko, in turn, replied to the opposition to its motion (docket entry 43). Having considered all the parties' briefs, we now address the issues raised in each of the motions.

Seko's motion

Seko's insistence on the need for plaintiff to specifically allege that a contract existed between them in order for the claim for breach of contract to survive dismissal at this state of the proceedings lacks merit in light of the simplified pleading standard of Fed.R.Civ. 8(a). A plain reading of ¶ 12 of the amended complaint shows that plaintiff is alleging that he had some kind of arrangement with Seko to have merchandise delivered by it within 48 hours after its arrival in Puerto Rico, with which it failed to abide by. Plaintiff immediately claims that said failure was in breach of contract, so it is reasonable to infer that the arrangement to deliver the merchandise was established in a contract. As the Supreme Court has explained, the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992 (2002). The Court further explained that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Id., at p. 514. Seko surely must know if it entered into a contract with plaintiff to deliver the goods, and if that

CIVIL 05-1611CCC                                              3

was not the case it could have easily moved for summary judgment as suggested by the Supreme Court in Swierkiewicz instead of for dismissal under the liberal standards of Fed.R.Civ.P. 12(b)(6). Although we recognize that plaintiff could have done a better job in the pleading of its breach of contract claim against Seko, we will not dismiss it at this time based on the reasons advanced by the latter.

Seko also avers that none of the damages claimed by plaintiff in his amended complaint can be linked to its failure to deliver the goods within the time arranged since the complaint reflects that all the damages occurred before it received the merchandise for delivery. It does appear from a fair reading of the amended complaint's allegations that most of the damages claimed by plaintiff resulted from the breach of contract imputed to Disc. Still, we are unable to conclude that no damages may be attributable to Seko under any set of facts that could be proved consistent with the allegations of the complaint, which we must construe liberally at this early stage in the litigation. Thus, we will not dismiss the damages claim against Seko either.

For the reasons stated, Seko's Motion to Dismiss Amended Complaint (**docket entry 29**) is DENIED.

Disc's motion

Disc's first contends that plaintiff should have attached to his complaint the Quotation on which the breach of contract claim is based. There is no such requirement that supporting documents be attached to the complaint. Venture Associates Corporation v. Zenith Data Systems Corporation, 987 F.2d 429, 431 (7th Cir. 1993) ("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based....") In any event, Disc could have appended the copy of the Quotation to its Fed.R.Civ.P 12(b)(6) motion, and we probably could have consider it without converting it into a motion for summary judgment, see

CIVIL 05-1611CCC                                         4

Beddall v. State Street Bank and Trust Company, 137 F.3d 12, 16-17 (1st Cir. 1998), but it failed to do so.

[1] In its absence, Disc's challenge to some of the facts alleged in the amended complaint are not only nonsensical but also contrary to the dismissal standard by which we are bound. Thus, we will simply not consider Disc's version of the facts at this time.

      Disc's additional argument introduces a choice of law issue to the case. Disc insists that the law of New Jersey is applicable to this action, and that under it most of the claims for damages asserted by plaintiff are not allowed. A federal court sitting in a diversity case must apply the choice of law rules of the forum state, which in this case is the Commonwealth of Puerto Rico. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020 (1941). The Supreme Court of Puerto Rico has adopted the "dominant or significant contacts" test for contract actions. Green Giant Co. v. Superior Court, 104 D.P.R. 489 (1975). Pursuant to section 188 of the Restatement (Second) of Conflicts of Laws (1971), the contacts to be taken into account in a contract action include: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. We know from the amended complaint's allegations that Disc's manufacturing plant and main office are located in New Jersey, while plaintiff is located in Puerto Rico. Unfortunately, the amended complaint does not include much information on the other factors to be considered, and while Disc has attempted to supplement some of the facts relevant to the other factors and argued that they favor the application of New Jersey law, see Motion (docket entry 33) at p. 4, no evidence in support of those factual averments have been submitted by it either. Indeed, Disc recognizes that some discovery will be necessary "to develop the necessary factual record to allow a proper determination on the choice of which

---

[1] While Disc indicated in its motion that it had attached the Quotation as its Exhibit A, no exhibits were filed together with the motion.

CIVIL 05-1611CCC                                     5

laws to apply in this case." Id., at p. 4, n. 2.  Given that under the current state of the record we are unable to determine at this time whether New Jersey law is applicable to this case, Disc's request for dismissal insofar as it is based on New Jersey law is DENIED.

In the alternative, Disc also claims that plaintiff's claims for moral damages are not allowed under the laws of Puerto Rico either.  Under Puerto Rico law, damages in a contract action are limited to those which are reasonably foreseeable at the time the parties entered into the contract. See Soc. Gananciales v. Vélez & Asoc., 145 D.P.R. 508, 522-523 (1998), and these may include moral damages. Id., at p. 523; see also Pereira v. I.B.E.C., 95 P.R.R. 28, 55-59 (1967); Duchesne Landrón v. Ruiz Arroyo, 102 D.P.R. 699, 702 (1974); Lameiro v. Dávila, 103 D.P.R. 834, 842 (1975).  Thus, at this point in the proceedings all that can be said is that generally under the substantive law of Puerto Rico consequential damages, including for mental suffering, are available in breach of contract situations if they were foreseeable at the time the contract was formed. The Court simply cannot say that damages for mental suffering may not be recovered as a matter of law, as Disc advances.  Whether under the particular circumstances of this case the moral damages claimed by plaintiff were or were not foreseeable and significant enough to merit compensation is a matter to be adjudicated later in light of the evidence to be presented on this issue.  Accordingly, Disc's Motion to Dismiss Plaintiff's Amended Complaint (**docket entry 33**) is also DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on March 28, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge